IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID LAWRENCE LEE, | ) |
| Plaintiff, | ) |
| vs. | ) No. 3:18-CV-850-B-BH |
| SOKPHOEUT KOY, et al., | ) |
| Defendants. | ) Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

By *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the plaintiff's amended complaint should be **DISMISSED** as frivolous.

**I. BACKGROUND**

On April 6, 2018, the plaintiff filed a one-page hand-written civil complaint against his ex-wife and others for alleged "lies, rumors and slander," "discrimination from the community," and attempts "to kill [him] with witchcraft," and he sought to have them charged with theft and manslaughter first degree. (doc. 3 at 1.)[1] He filed an amended complaint on April 9, 2018, again alleging that the defendants are attempting to assassinate him, and that "they are also a threat to the community after a nuclear war and money from the government. (doc. 6.) He seeks $100 billion dollars in damages. (*Id.*) No process has issued.

**II. PRELIMINARY SCREENING**

Because the plaintiff has been granted permission to proceed *in forma pauperis*, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). That section

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The plaintiff alleges no factual support whatsoever for his claims that people are trying to kill him. Under § 1915(e), a court is not bound to accept without question the truth of a *pro se* plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. at 32-33. The absence of material facts, combined with the irrational nature of a claim, can support a finding of factual frivolousness. *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990). The plaintiff's claims lack an arguable basis in fact because they are based on a fantastical or delusional scenario. *See Neitzke*, 490 U.S. at 327-28; *Kolocotronis v. Club of Rome*, 109 F.3d 767 (5th Cir. 1997) (affirming the dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world).

## III.  RECOMMENDATION

The plaintiff's amended complaint should be **DISMISSED** with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B).

**SIGNED this 9th day of April, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See Douglass v. United Servs. Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE